

### TENNESSE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | |
|---|---|
| Betty J. Davis,     Employee, ) | Docket No.: 2016-01-0531 |
| v. ) | |
| Life Line Screening of America, Ltd.,     Employer, ) | State File No.: 43283-2016 |
| And ) | |
| Twin City Fire Ins. Co./The Hartford,     Carrier. ) | Judge Audrey A. Headrick |

---

### EXPEDITED HEARING ORDER
### (DECISION ON THE RECORD)

---

This matter came before the Court on a Motion for Temporary Total Disability Benefits filed by Betty Davis, which the Court treated as a request for expedited hearing. On March 20, 2017, the Court entered an Agreed Order Waiving In-Person Hearing. The Court issued a docketing notice on March 27 allowing seven business days for the parties to file objections or submit position statements; neither party responded. The central legal issue is whether Ms. Davis came forward with sufficient evidence demonstrating that she is likely to prevail at a hearing on the merits that she is entitled to temporary disability benefits. This Court holds it needs no additional information to determine this issue. Based on the proof presented at this time, the Court holds Ms. Davis is likely to prevail at a hearing on the merits and grants her request for temporary disability benefits.

### History of Claim

At the prior expedited hearing, the Court held that Ms. Davis is likely to prevail at a hearing on the merits in proving that the aggravation of her pre-existing right-knee condition on May 11, 2016, arose primarily out of and in the course and scope of her employment with Life Line.[1] The Court also held she was entitled to ongoing medical

---

[1] The Court previously held an expedited hearing in this matter on January 23, 2017. The hearing resulted in the Court ordering Life Line to authorize Ms. Davis to see Dr. Brown and, if he still deemed it appropriate, authorize a total right-knee replacement for treatment of her May 11, 2016 injury. The Court also ordered Life Line to pay for

1

treatment with Dr. Thomas Brown, the orthopedic surgeon whom she selected from a panel.

When Dr. Brown was previously deposed, the parties focused on issues of causation and his surgical recommendation as opposed to inquiries regarding Ms. Davis' ability to work. During his deposition, Dr. Brown was asked, "Would you have [Ms. Davis] standing on her leg for 15 hours a day; is that possible?" (Ex. 2 at 19-20.) He replied, "No. It's probably not possible with that worn-out knee." *Id.* at 20. Likewise, Dr. Brown's medical records only contain brief references to Ms. Davis' opinion as to her ability to work. During the prior hearing, Ms. Davis testified she had not worked since her injury and did not know if she was still an employee of Life Line. Ms. Davis believed there was no way she could return to work and stand on her leg as required by her job due to swelling.

Since the prior hearing, Dr. Brown signed a "Causation Statement Concerning Betty J. Davis [sic] Inability to Work as a Result of Work Related Injury." (Ex. 6.) In his statement, Dr. Brown wrote, "Betty J. Davis has been unable to perform gainful employment since her injury of 5/11/2016" and "will continue to be unable to perform gainful employment until she has recovered from her knee surgery." *Id.* Dr. Brown provided his statement within a reasonable degree of medical certainty.

Ms. Davis seeks temporary disability benefits for her right-knee condition. She relied upon the medical opinion of Dr. Brown, the panel physician, regarding her inability to work. In her Motion for Temporary Total Disability Benefits, Ms. Davis requested that the Court order Life Line to pay her temporary total disability benefits from May 11, 2016, until she is recovered from her pending knee surgery.

Life Line argues that the Court already addressed the issue of temporary disability benefits, and Ms. Davis can renew her request at the compensation hearing. It points out that Ms. Davis chose not to appeal the Court's prior Expedited Hearing Order that denied temporary disability benefits. Life Line argues Ms. Davis had the opportunity to elicit information from Dr. Brown at his deposition regarding her ability to work, but she did not do so. Ms. Davis also did not file any revised or supplemental medical records. Life Line also argues that it is unfair and unjust for the Court to rely on Dr. Brown's statement since it is inadmissible at the compensation hearing, and Life Line cannot cross-examine Dr. Brown. Therefore, Life Line requests that the Court deny Ms. Davis' request for benefits.

---

the medical treatment Ms. Davis received from Doctors Express and Dr. Brown. The Court takes judicial notice of the testimony heard and exhibits admitted into evidence at the January 23, 2017 expedited hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012) (holding, "[w]e are permitted to take judicial notice of the facts from earlier proceedings in the same action.").

**Findings of Fact and Conclusions of Law**

*General Legal Principles*

Ms. Davis bears the burden of proof on all essential elements of her workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, she is not required to prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Rather, at an expedited hearing, Ms. Davis must come forward with sufficient evidence from which this Court might determine that she is likely to prevail at a hearing on the merits. *Id.*

*Temporary Disability Benefits*

Ms. Davis seeks payment of temporary total disability benefits. An injured worker is eligible for temporary total disability (TTD) benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and, (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales,* TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Life Line did not file any objection in response to the Docketing Notice regarding the admissibility of Dr. Brown's "Causation Statement Concerning Betty J. Davis Inability to Work as a Result of Work Related Injury." Rather, it objected to Ms. Davis filing a motion to request temporary disability benefits after the Court previously denied those benefits at an in-person evidentiary hearing. Life Line suggested that Ms. Davis must simply wait and renew her request for temporary disability benefits at the compensation hearing. The Court disagrees. The Workers' Compensation Law does not prohibit Ms. Davis, or any employee, from requesting medical or temporary disability benefits upon obtaining new evidence after the issuance of an interlocutory order denying those benefits. *See* Tennessee Code Annotated section 50-6-239(d)(3). Additionally, Life Line had equal access to Dr. Brown if it wished to seek clarification or cross-examine him on the statement he provided.

The Court finds that Dr. Brown's statement satisfies the requirements set forth in *Jones, supra.* Life Line filed no medical proof to rebut Dr. Brown's opinion. Thus, the Court holds Ms. Davis is likely to prevail at a hearing on the merits that she is entitled to temporary total disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The parties stipulated that the amount of temporary disability benefit is $479.22 per week based on Ms. Davis' average weekly wage of $718.82.

2. Payment of past due temporary total disability benefits in the amount of **$23,961.00** shall be made for the period from May 11, 2016, to April 25, 2017. If counsel for Ms. Davis wishes to do so, he may file a motion requesting attorney fees along with a supporting contractual agreement between himself and Ms. Davis.

3. Life Line or its workers' compensation carrier shall continue to pay to Ms. Davis temporary disability benefits in regular intervals until she is no longer eligible for those benefits by reaching maximum medical improvement, by returning to work at a wage equal to or greater than the pre-injury wage, or by release without restrictions by the authorized treating physician. Life Line's representative shall immediately notify the Bureau, Ms. Davis, and Ms. Davis' counsel, of the intent to terminate temporary disability benefits by filing Form C-26, citing the basis for the termination.

4. This matter is set for a Status Hearing on **July 25, 2017, at 10:00 a.m.** Eastern Time. You must call (423) 634-0164 or toll-free at (855) 383-0001 to participate in the Status Hearing. You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 25th day of April, 2017.**


Judge Audrey A. Headrick
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1. Affidavit of Betty Davis
2. Deposition of Dr. Thomas W. Brown, III
3. Causation responses of Dr. Brown
4. Medical bills of AFC Urgent Care and Dr. Brown
5. Office note of Doctors Express
6. Dr. Brown's causation statement
7. Wage Statement

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, including additional defenses
3. Request for Expedited Hearing
4. Motion for Discovery Prior to Expedited Hearing
5. Employer's Response to Employee's Request for Expedited Hearing
6. Order Granting Motion for Discovery Prior to Expedited Hearing
7. Docketing Notice for Review of the File Determination
8. Amended Request for Expedited Hearing
9. Notice of Expedited Hearing
10. Expedited Hearing Order
11. Motion for Temporary Total Disability Benefits.
12. Employer's Response to Employee's Motion for Temporary Benefits and Employee's Second Petition for Benefit Determination
13. Agreed Order Waiving In-Person Hearing
14. Docketing Notice for On-The-Record Determination
15. Amended Agreed Order Waiving In-Person Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 25th day of April, 2017.

| Name | Certified Mail | Via Email | Email Address |
|------|---------------|-----------|---------------|
| Michael Wagner, Attorney | | X | maw@wagnerinjury.com |
| Blair Cannon, Attorney | | X | l.blair.cannon@thehartford.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6